IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| SMITHFIELD FOODS, INC. and SMITHFIELD FRESH MEATS SALES CORPORATION, | JURY TRIAL DEMAND |
| Defendants. | |

# COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of age and to provide relief to Sheryl Hahn, who was adversely affected by the unlawful employment practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendants Smithfield Foods, Inc. and Smithfield Fresh Meats Sales Corporation (collectively, "Defendants") discriminated against Hahn when they terminated her employment because of her age, in violation of the ADEA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      Defendant Smithfield Foods, Inc. is a corporation organized under the laws of the State of Delaware that maintains its principal place of business in the Commonwealth of Virginia. At all times relevant to this action, Defendant

2

Smithfield Foods, Inc. transacted business in the State of Georgia through its subsidiaries.

5. Defendant Smithfield Fresh Meats Sales Corporation is a corporation organized under the laws of the State of Delaware that maintains its principal place of business in the Commonwealth of Virginia. Defendant Smithfield Fresh Meats Sales Corporation is a wholly owned subsidiary of Defendant Smithfield Foods, Inc. At all times relevant to this action, Defendant Smithfield Fresh Meats Sales Corporation transacted business in the State of Georgia.

6. Defendants maintain the same principal place of business located at 200 Commerce Street, Smithfield, VA 23430.

7. Defendants maintain the same registered agent: CT Corporation System.

8. Defendants share several common officers, including multiple identical Vice Presidents, identical Treasurers, and identical Secretaries.

9. Defendants are so integrated with respect to ownership and operations as to constitute a single or integrated employer for purposes of the ADEA.

10. At all relevant times, Defendants have continuously maintained at least 20 employees.

11. At all relevant times, Defendants have been employers engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least January 2021, Defendants have engaged in unlawful employment practices in violation of the ADEA.

14. Defendants operate a food-processing business that specializes in pork production.

15. Defendants maintain employees throughout the United States. As part of their operation, Defendants employ sales staff tasked with establishing and maintaining customer relationships.

16. Defendants employed Hahn as a member of their sales staff beginning on or about August 2, 2010, until on or about January 29, 2021, when Defendants terminated her employment. At the time they terminated her employment, Defendants employed Hahn as a Senior Sales Account Manager.

17. Throughout her employment with Defendants, Hahn primarily worked remotely from her home in Canton, Georgia, as authorized by Defendants.

18. At the time Defendants terminated her employment, Hahn was 59 years old and remotely performed her duties related to her employment primarily from her home in Canton, Georgia.

19. On or about April 3, 2019, Defendants requested that Hahn relocate her primary workstation from her home in Canton, Georgia, to Defendants' headquarters in Smithfield, Virginia. Defendants threatened Hahn with termination if she did not agree to their request that she relocate her employment.

20. In or about June 2019, Hahn agreed to Defendants' request that she relocate her primary workstation to Defendants' Smithfield, Virginia headquarters.

21. In or about September 2019, Defendants' Vice President of Corporate & Industrial Sales requested that Hahn create a timeline for her impending relocation to Smithfield, Virginia. That same month, in response to the request, Hahn indicated to Defendants' Vice President of Corporate & Industrial Sales her willingness to relocate to Smithfield, Virginia by January 4, 2021.

22. In or about October 2019, Defendants' Vice President of Corporate & Industrial Sales informed Hahn that Defendants would no longer require Hahn to relocate her employment to Smithfield, Virginia.

23. Pursuant to the decision communicated to her by Defendants' Vice President of Corporate & Industrial Sales, Hahn continued to perform her duties remotely from her home in Canton, Georgia throughout the remainder of her employment with Defendants.

24. During the 15-month span between Defendants informing Hahn that she was no longer required to relocate to Smithfield, Virginia and their termination of her employment on or about January 29, 2021, Defendants never communicated to Hahn any requirement that she relocate her employment.

25. In or about January 2021, Defendants executed what they called a "streamlining" of their sales operations that involved a reduction-in-force ("RIF") of sales staff.

26. On or about January 28, 2021, Defendants communicated to Hahn that her employment would be terminated. At the time, Defendants informed Hahn only that her employment was being terminated as part of a RIF.

27. Defendants terminated Hahn's employment on or about January 29, 2021.

28. Defendants terminated five other members of the sales staff as part of its RIF. Four of the other five terminated employees were aged 55 years or older at the time of their termination.

29. Defendants considered terminating, but ultimately did not terminate, at least 18 other employees as part of their RIF. At least 14 of those 18 employees were under the age of 55 at the time Defendants determined that they would not be included in the RIF.

30. Defendants' sole proffered justification for including Hahn in their RIF is an alleged refusal to relocate her employment to Smithfield, Virginia.

31. The group of at least 18 employees whom Defendants did not terminate included at least one 30-year-old Senior Sales Account Manager who worked remotely, received a request to relocate, and ultimately did not relocate.

32. Defendants terminated Hahn because of her age, and the sole non-discriminatory reason proffered by Defendants for terminating Hahn is both false and pretext for age discrimination.

33. The practices complained of in paragraphs 25 through 32 have deprived Hahn of equal employment opportunities and have otherwise adversely affected her status as an employee because of her age.

34. The unlawful employment practices complained of in paragraphs 25 through 32 were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all other persons in active concert or participation with them, from terminating their employees because of their age.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age or older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Hahn.

D.     Order Defendants to make whole Hahn by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to the reinstatement of their employment or front pay in lieu of reinstatement.

E.     Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

ROBYN M. FLEGAL
Supervisory Trial Attorney

/s/Steven A. Wagner
Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(470) 531-4838
(404) 562-6905 (facsimile)