IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

SMITHFIELD FOODS, INC. and SMITHFIELD FRESH MEATS SALES CORPORATION,

Defendants.

CIVIL ACTION NO. 1:24-CV-02158-TRJ-CMS

JURY TRIAL DEMAND

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b)(2), and Local Rule 72.1(B), (E), Defendants Smithfield Foods, Inc. and Smithfield Fresh Meats Sales Corporation (collectively, Defendants or Smithfield) submit the following objections to the Magistrate Judge's July 22, 2026 Final Report and Recommendation (Report) on Defendants' Motion for Summary Judgment (Motion).

The Report makes several critical errors that, if adopted by this Court, are reversible error. First, the Report concludes there is a genuine dispute of material fact regarding whether Hahn's position was entirely eliminated and whether Hahn was required to apply for another position at Smithfield. Second, the Report relies

on statistical "evidence" to conclude there is discrimination, despite Plaintiff never designating an expert. Third, the Report concludes that because a younger employee was considered for an alternative position internally, Smithfield's failure to consider Hahn is evidence of discrimination even though Hahn had an opportunity to apply and did not. Fourth, the Report holds that Smithfield's statements during the EEOC's initial investigation are evidence of pretext. Fifth, the Report impermissibly questions the soundness of Smithfield's business decisions.

## STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 680 (1980); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation omitted); *see also Doye v. Colvin*, 378 F. App'x 926, 927

(11th Cir. 2010). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

## OBJECTIONS AND ARGUMENT

### I. Plaintiff Failed to Establish a *Prima Facie* Claim for Age Discrimination.

To establish a *prima facie* claim of age discrimination under the Age Discrimination in Employment Act (ADEA) where an individual's employment has been terminated as part of a reduction in force (RIF) or their position has been eliminated in its entirety, the plaintiff must prove: (1) the employee was in a protected age group and was adversely affected by an employment decision, (2) the employee was qualified for her current position or to assume another position at the time of discharge, and (3) the evidence could lead a fact finder to reasonably conclude that the employer intended to discriminate on the basis of age in making its employment decision. *Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003) (per curiam). The plaintiff's burden in a RIF case requires "something more" than the showing required in a garden-variety discharge case where the employee was replaced by a younger individual. *See, e.g.*, *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 567 (11th Cir. 1992). Plaintiff must show age discrimination was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs.*, *Inc.*, 557 U.S. 167, 177–78 (2009).

**A. Hahn Was Not Qualified for Another Position at Smithfield at the Time of Her Termination**

If Hahn's position was eliminated in its entirety, the EEOC must show she was qualified for an open position at the time of her termination. *See, e.g., Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1082-83 (11th Cir. 1990); *Johnson v. Unified Gov't of Athens-Clarke Cnty.*, 209 F. Supp. 3d 1335, 1343 (M.D. Ga. 2016).

1. <u>The Report errs by finding Hahn's position was not entirely eliminated</u>.

The Report incorrectly finds that information provided by Smithfield during the EEOC's initial investigation into Hahn's Charge of Discrimination and deposition testimony provided by Scott Trapp (Trapp), former VP, Corporate & Industrial Sales, created a factual dispute regarding whether Hahn's position was eliminated in its entirety during the January 2021 RIF. [Doc. 85, pp. 22, 23].

Morgan Moore (Moore), then-Director, Compensation & HRIS, and Robert Darrell (Darrell), then-VP, Fresh Sales, and Trapp, each testified that Hahn's position was eliminated entirely as part of the January 2021 RIF. [Doc. 79, ¶ 30]. Trapp testified Hahn's position was entirely removed from the reporting structure in Smithfield's projected organizational chart following the January 2021 RIF. [Doc. 77-4, p. 182, EEOC Ex. 21]. Although the Report cites Trapp's subsequent testimony that Hahn's position was eliminated only in Georgia and was relocated to Smithfield, Virginia after he was asked to review Smithfield's position statement

during his deposition (*see* Doc. 85, p. 23), it is readily apparent from the collective record that Plaintiff's position was entirely eliminated. Information provided by Smithfield during the EEOC's investigation (in this instance that Hahn's position was eliminated only in Georgia) should not be afforded undue weight, particularly when the decisionmaker (Trapp) was not consulted on the position statement prior to submission. *See* Section II(B), *infra*.

2. <u>It is undisputed that Hahn never applied for an open position</u>.

To establish that an employee is qualified to assume an available position at the time of discharge during a RIF, the employee must have applied for an available position. *Crisman v. Fla. Atl. Univ. Bd. of Trs.*, 659 F. App'x 572, 578 (11th Cir. 2016) (affirming grant of summary judgment to employer where employee failed to show she was qualified to assume another position available at time of her termination, and employee could not rely on open position she did not apply for to establish a *prima facie* claim of discrimination); *J. Smith Lanier & Co*., 352 F.3d at 1344–45. It is undisputed that Hahn was told she could apply for alternative open positions at Smithfield and never did. [Doc. 77, pp. 14, 15; Doc. 83, p. 6].

### B. There is No Evidence that Smithfield Intended to Discriminate Against Hahn Because of Her Age.

1. <u>Statistical evidence cannot be used to support a finding of discrimination without expert testimony</u>.

The Report erroneously cites statistical "evidence," specifically the ages of the individuals selected and considered for inclusion in the January 2021 RIF, as evidence of age discrimination even though it was not introduced by the EEOC, let alone an expert witness. [Doc. 85, p. 24]. The Eleventh Circuit holds: "to be accepted, statistical calculations must come from a witness, not a party's lawyer." *Mitchell v. LaFayette*, 504 F. App'x 867, 870 (11th Cir. 2013) (citing *Watkins v. Sverdrup Tech., Inc.*, 153 F.3d 1308, 1315 n.16 (11th Cir. 1998)). Unless statistics are proffered through a "named expert to establish a proper analytical foundation" they are "virtually meaningless" and thus, "lack probative value." *Mitchell*, 504 F. App'x at 870 (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004) (finding that statistical evidence presented by the plaintiff does not have any probative value)); *see also Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 952 (11th Cir. 1991). The EEOC did not designate an expert. Thus, the Report errs by coming up with its own statistical "evidence" to consider the January 2021 RIF discriminatory.[1]

2. <u>The Report errs by concluding Smithfield was required to offer Hahn another position</u>.

---

[1] Confusingly, the Report reached a contradictory conclusion that it would not consider evidence of terminations of older employees in "other groups" because of these same issues with using statistical "evidence" presented without analytic foundation. [Doc. 85, pp. 24, 25, n.10]. Smithfield does not object to the decision not to rely on outside statistical evidence.

The Report erroneously suggests that Henry Dalbec, Jr. (Dalbec) received preferential treatment over Hahn when he was presented with the opportunity to transfer to a Senior Sales Account Manager position in Virginia, that this same position was not made available to Hahn, and Smithfield's failure to directly offer this position to Hahn supports an inference of discrimination. [Doc. 85, pp. 25, 26]. This improper inference incorrectly leads the Magistrate, in part, to find that Plaintiff can establish a *prima facie* claim.

After Susan Carr-Dow (Dow) was promoted from Senior Sales Account Manager to Regional Sales Manager, her former position in Virginia remained available. [Doc. 77, p. 8; Doc. 83, pp. 4, 5]. Smithfield posts available job positions on internal and external job boards. [Doc. 77, p. 14]. The position to replace Dow was posted internally as a Sales Representative position on August 6, 2020. [Doc. 77-9, p. 32]. Although Hahn knew how to apply for available positions, she did not apply to this or any other position. [Doc. 77, pp. 14, 15; Doc. 83, p. 6]. When the backfill position for Dow remained available in January 2021, there was internal discussion about upgrading the position and relocating Dalbec to Virginia to fill this position. [Doc. 77-4, pp. 175-76, EEOC Ex. 22; Doc. 77-10, EEOC Ex. 41; Doc. 83, p. 5]. Dalbec declined to relocate and accepted an outside sales position that did not require relocation. [Doc. 77, p. 16]. The backfill position ultimately remained

classified as a Sales Representative position and was filled by Rachel Romick (Romick) in March 2021. [Doc. 77, p. 8].[2]

Smithfield was not obligated to directly offer this position to Hahn. The ADEA "does not mandate that employers establish an interdepartmental transfer program during the course of an RIF . . . or impose any added burden on employers to transfer or rehire laid-off workers in the protected age group as a matter of course." *See Jameson*, 75 F.3d at 1532–33. "Rather, the ADEA simply provides that a discharged employee 'who *applies* for a job for which she is qualified and which is available at the time of her termination must be considered for that job along with all other candidates, and cannot be denied the position based upon her age.'" *J. Smith Lanier & Co.*, 352 F.3d at 1344–45 (quoting *Jameson*, 75 F.3d at 1533); *see also Felder v. Bradford Health Servs.*, 493 F. App'x 17, 19 (11th Cir. 2012) (affirming summary judgment where plaintiff failed to offer evidence that she applied for another available position); *Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 229 (11th Cir. 2011) (affirming award of summary judgment where plaintiff failed to formally apply for promotion).[3] Hahn had an opportunity to apply for this and other

---

[2] The Report incorrectly concludes this position was not one Smithfield identified as being available to Hahn. [Doc. 85, p. 26]. Smithfield produced a chart of sales positions available in 2020 and 2021 at the time of the January 2021 RIF, including the backfill position for Dow ultimately filled by Romick. [Doc. 77-9, Smi. Ex. 1].

[3] The Magistrate cites *Taylor v. Canteen Corp*. for the proposition that an employer implementing a RIF may not favor younger employees over older employees by finding new positions only for younger employees. [Doc. 85, p. 25 n. 12]. This

open sales positions within Smithfield prior to or following her termination, and chose not to.[4]

## II. A Factfinder Could Not Reasonably Conclude that The Reasons for Hahn's Termination Were a Pretext for Discrimination.

### A. The Report errs by concluding that statements made in Smithfield's position statement can be used to establish pretext.

The Report mistakenly concludes there is a sufficient basis to allow a jury to decide if Smithfield's reasons for terminating Hahn's employment were false and age discrimination was the real reason for her discharge. [Doc. 85, p. 35]. "[T]o avoid summary judgment, [a plaintiff] must introduce significantly probative evidence showing that the asserted reason [for the adverse action] is merely pretext for discrimination." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993). "[A] reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'" *Springer v.*

Seventh Circuit case is not binding precedent. In *Taylor* the plaintiff claimed his employer had a practice of relocating younger employees or providing them with an opportunity to transfer in lieu of termination, while plaintiff was only informed of his ability to retire early. 69 F.3d 773, 777, 780 (7th Cir. 1995). Here, Hahn admits she was told she could apply for other positions, and knew how to apply, but opted not to. [Doc. 77, pp. 14, 15; Doc. 83, p. 6].

[4] Trapp and Hahn never reached an agreement in 2019 for Hahn to commute to Smithfield, Virginia. *C.f.*, [Doc. 85, p. 9]. Although Trapp was willing to let Hahn commute to Virginia if she paid for her housing and travel, Hahn only expressed a willingness to commute if *Smithfield* covered these expenses. [Doc. 77-7, p. 124-26, 262-64, EEOC Exs. 17, 18].

*Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (internal citation omitted) (emphasis provided)).

The Report wrongly concludes information Smithfield provided to the EEOC during its investigation of Hahn's age discrimination claim can be used to support an inference of discrimination or pretext to the extent the information allegedly differs from information learned or provided during the course of litigation after the parties had the benefit of discovery. [Doc. 85, pp. 29-33]. The Report correctly finds that pretext is *not* shown by Smithfield stating in its position statement that Hahn's refusal to relocate was the "sole reason" for her termination and now further explaining Hahn was terminated because of her location and/or refusal to locate, and also her salary. (Doc. 85, p. 34 n.16), The Report errs, however, by concluding pretext is shown by Smithfield's clarification that the reason for Hahn's termination is more accurately described as her location at the time of the RIF instead of her refusal to relocate. [Doc. 85, pp. 29-33].

Circuit caselaw is clear that while directly contradictory reasons for firing an employee can create an inference of discrimination, the provision of *additional* reasons for an individual's termination or clarifications of earlier testimony do not lead to the same inference. *See Moore v. Jefferson Cnty. Dep't of Human Resources*, 277 F. App'x 857, 860 (11th Cir. 2008) (finding no pretext when reasons cited in position statement for promoting female candidates differed slightly from deposition

testimony when the reasons were not inconsistent); *Hamer v. City of Atlanta, Georgia*, No. 115CV00636ELRRGV, 2016 WL 10591434, at *14 (N.D. Ga. Dec. 27, 2016). Courts have also held that inconsistent statements made to the EEOC and in subsequent litigation do not support a finding of pretext where the individual who provided the statement did not consult with or seek approval from any decisionmaker involved in the alleged discriminatory conduct. *Hertel v. Remington Lodging & Hosp., LLC*, No. 1:18-CV-0749-SDG-JFK, 2020 WL 13664133, at *20 (N.D. Ga. Jan. 27, 2020), report and recommendation adopted, No. 1:18-CV-00749-SDG, 2020 WL 13664145 (N.D. Ga. Mar. 30, 2020) (finding that inconsistency in statements made in defendant's EEOC response and by decisionmakers during litigation was immaterial given Corporate Director of Human Resources did not consult with or seek approval from any decisionmaker when preparing the EEOC response); *Saye v. Vanity Fair Brands, LP*, No. 1:08-CV-2168-TCB-JFK, 2009 WL 10668455, at *12 (N.D. Ga. Oct. 26, 2009), report and recommendation adopted, No. 1:08-CV-2168-TCB-JFK, 2009 WL 10672379 (N.D. Ga. Dec. 9, 2009) (stating that "an inference of discrimination could not be drawn based on differences between a position statement to the EEOC prepared by in-house counsel and the decisionmaker's statements during litigation, absent any evidence that the decisionmaker had been interviewed in connection with, approved, or had any knowledge of the contents of the position statement to the EEOC.")

Any differences between the contents of Smithfield's position statement and statements made by witnesses during litigation, or related clarifications, should not be used to support an inference that the reasons for Hahn's termination were pretextual because certain key decisionmakers (like Trapp) did not contribute to the EEOC investigation. Moore testified as Smithfield's corporate representative that she did not consult with Darrell or Trapp before providing information regarding Hahn's termination for Smithfield's position statement. [Doc. 77-9, pp. 12, 13]. Trapp also confirmed he did not become aware of Hahn's age discrimination claim until 2024 (after the present litigation was initiated). [Doc. 77-4, p. 45].

In addition, for inconsistent statements to establish pretext they must be internally consistent with the employer's proffered legitimate reasons for its conduct. *Amador v. Jones Lang Lasalle Americas, Inc.*, 763 F. App'x 821, 825 (11th Cir. 2019). The Report attempts to create an inconsistency in Smithfield's reasoning for terminating Hahn's employment based on her "location" as opposed to her "failure to relocate" (Doc. 85, pp. 32, 33) where none actually exists: Hahn's location (and status as one of her team's only remote employees) in January 2021 is a natural result of her decision not to relocate in 2019. Simply put, had Hahn relocated she would not have still lived in Georgia. Even if the Company "tabled" the issue, there is no evidence that was done because of Hahn's age.

**B. The Report errs by substituting its business judgment for Smithfield's.**

The Eleventh Circuit has repeatedly stated that a plaintiff (and the district court) does not get to substitute its business judgment for the employer's. The Report attempts to decide (years after the fact) how Smithfield should have saved costs after an unprecedented worldwide pandemic. In attempting to show pretext:

> a plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.

*Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000).

The Report incorrectly finds that because Smithfield's cost-saving goals could have been achieved without terminating Hahn's employment, this "raises a question regarding whether Hahn's high salary was a true reason for Hahn's discharge during the RIF." [Doc. 85, pp. 34, 35]. The reality is that Smithfield could have saved costs by terminating the most recently hired, by outsourcing janitorial services, by cutting the pay of every employee 3%, or 100 other ways. But, respectfully, this Court does not get to make business decisions for Smithfield. Indeed, the Eleventh Circuit notes that RIFs are difficult because people who otherwise would not be getting terminated are because of financial reasons. *Earley*, 907 F.2d at 1083; *Lockaby v. United Testing Grp., Inc.*, 986 F. Supp. 1400, 1405 (N.D. Ga. 1997).

It is undisputed that Hahn had a high salary relative to her coworkers. [Doc. 85, pp. 33]. At the time of her termination, Hahn was the highest paid Senior Sales

Account Manager on the Fresh Sales team, and her annual base salary was $142,947 and the rest of the Senior Sales Account Managers on the Fresh Sales team had annual salaries of less than $100,000. [Doc. 77, p. 7; Doc. 85, p. 9]. Hahn's salary was also higher than Dow's (her then-direct supervisor) and her former direct supervisor, Paul Kennis (Kennis). [Doc. 77, p. 7; Doc. 85, p. 8].

Smithfield proved Hahn's salary was a legitimate, non-discriminatory reason for her termination, and there is nothing in the record that suggests this was false and that Hahn's age was the real reason for her termination. The Court does "'not sit as a super-personnel department, and [does] not review the wisdom of an employer's business decisions, no matter how mistaken, as long as the action was not for a prohibited discriminatory reason.' Defendant's rationale and reasoning – as long as not unlawful or retaliatory – is largely irrelevant." *Hertel*, 2020 WL 13664133, at *18 (quoting *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266–67 (11th Cir. 2010)); *see also Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1138 (11th Cir. 2020) (affirming district court's award of summary judgment to employer, noting that plaintiff failed to provide evidence that she would have been fired if she had not engaged in protected activity); *King v. Ferguson Enters., Inc.*, 971 F. Supp. 2d 1200, 1218, 1223 (N.D. Ga. 2013), aff'd, 568 F. App'x 686 (11th Cir. 2014) (granting defendant's motion for summary judgment and rejecting magistrate's finding that plaintiffs successfully rebutted nondiscriminatory reasons for

termination, explaining plaintiffs failed to meet employer's legitimate reasons "head on" with sufficiently probative evidence and evidence merely quarreled with the soundness of business judgments).

Rather than directly confront the reasons for Hahn's termination, the EEOC and the Report suggest Smithfield's cost-saving goals could have been achieved through other means and quarrel with the value in terminating Hahn based on her location. These are precisely the kind of business decisions that Smithfield is entitled to make, regardless of whether Plaintiff or the Court believe they were well-advised. *See Lake v. B.F. Goodrich Co.*, 837 F.2d 449, 452 (11th Cir. 1988) (disapproving of district court's extraneous findings in summary judgment decision, noting that "Title VII does not require an employer to operate its business in a manner the district court considers safe and efficient…."); *Bassano v. Hellmann Worldwide Logistics, Inc.*, 310 F. Supp. 2d 1270, 1279 (N.D. Ga. 2003) ("[M]anagers' judgment regarding Plaintiff's performance is not at issue, and Plaintiff cannot raise a material issue of fact … by second-guessing their decisions.")

## <u>CONCLUSION</u>

Based on the foregoing, Defendants object to the findings and conclusions of the Report and request the Court sustain Defendants' objections and grant Defendants' Motion, along with any further relief that the Court deems just and proper.

Respectfully submitted this 13th day of August, 2026.

/s/*Amber M. Rogers*
Amber M. Rogers
Texas Bar No. 24056224
HUNTON ANDREWS KURTH LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
(214) 979-3000 Telephone
(214) 880-0011 Facsimile
arogers@hunton.com
*Admitted Pro Hac Vice*

Alyce B. Ogunsola
Georgia Bar No. 480048
HUNTON ANDREWS KURTH LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA 30308
(404) 888-4000 Telephone
(404) 888-4190 Facsimile
aogunsola@hunton.com

Eileen C. Henderson
Massachusetts Bar No. 699109
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
(617) 648-2800 Telephone
(617) 433-5022 Facsimile
ehenderson@hunton.com
*Admitted Pro Hac Vice*

*Counsel for Defendants*

**CERTIFICATION OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel certifies that this document was prepared using Times New Roman 14-point font.

This 13th day of August, 2026.

*/s/Amber M. Rogers*
Amber M. Rogers
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, a true and accurate copy of the foregoing document was served on counsel of record for Plaintiff as follows through the Court's ECF Filing system:

Steven A. Wagner
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
steven.wagner@eeoc.gov

*/s/Amber M. Rogers*
Amber M. Rogers